FILED

Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue
Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
Stephanie@thetatarlawfirm.com

2012 AUG 15  PM 2: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

*Attorney for Plaintiff Kristine Hermosillo*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KRISTINE HERMOSILLO** | Civil Action No. **CV12 - 7037** JEM |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING** |
| **EQUIFAX INFORMATION SERVICES LLC, INFINITI MOTOR ACCEPTANCE CORP aka INFINITI FINANCIAL SERVICES and ACRANET** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as *amended.*

COMPLAINT AND JURY DEMAND

1

## JURISDICTION AND VENUE

2      2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28

3   U.S.C. § 1331.

4      3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

5

## PARTIES

6      4.    Plaintiff Kristine Hermosillo is an adult individual who resides at

7   38148 Cima Mesa Drive, Palmdale, CA 93552.

8      5.    Defendant Equifax Information Services LLC. ("Equifax") is a

9   business entity and consumer reporting agency that regularly conducts business in

10  the Central District of California, and which has its headquarters and a principal

11  place of business located at 1550 Peachtree Street Northeast, Atlanta, GA.

12     6.    Defendant ACRAnet ("ACRAnet") is a consumer reporting agency

13  and reseller of credit that regularly conducts business in the Central District of

14  California, and which is located at 2139 Tapo Street, Ste. 209, Simi Valley, CA

15  93063

16     7.    Defendant Infiniti Motor Acceptance Corp aka Infiniti Financial

17  Services ("Infiniti") is a business which regularly engages in the business of

18  collecting debts and reporting such debts to the credit bureaus in the Central

19  District of California and which has a principal place of business located at 990 W

20  190th Street, Torrance, CA 90502.

21

## FACTUAL ALLEGATIONS

22     8.    Defendants have been reporting derogatory and inaccurate statements

23  and information relating to Plaintiff and Plaintiff's credit history to third parties

24  ("inaccurate information").

25     9.    The inaccurate information includes, but is not limited to, an Infiniti

26  account reported as included in bankruptcy.  The Infiniti account was not included

27  in Plaintiff's bankruptcy.

28

COMPLAINT AND JURY DEMAND

10.   The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of an account and/or tradeline that does not accurately reflect the payment history and/or balance of that account.

11.   Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and the inaccurate information that appears on Plaintiff's credit reports was a substantial factor for those denials.

12.   Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

13.   Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14.   Plaintiff has disputed the inaccurate information with Equifax by both oral and written communications to their representatives and by following Equifax's established procedures for disputing consumer credit information.

15.   Plaintiff has disputed the inaccurate information with Equifax since March 3, 2012.

16.   Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate

COMPLAINT AND JURY DEMAND

1  information to other third parties, persons, entities and credit grantors.  Equifax has
2  repeatedly published and disseminated consumer reports to such third parties from
3  at least March 2012.

4      17.    Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to
5  follow up on, verify and/or elicit more specific information about Plaintiff's
6  disputes; (2) contacted any third parties that would have relevant information
7  concerning Plaintiff's disputes; (3) forwarded any relevant information concerning
8  Plaintiff's disputes to the entities originally furnishing the inaccurate information;
9  and (4) requested or obtained any credit applications, or other relevant documents
10  from the entities furnishing the inaccurate information.

11      18.    Notwithstanding Plaintiff's disputes, Infiniti has also failed to conduct
12  timely and reasonable investigations of Plaintiff's above-referenced disputes after
13  being contacted by the relevant credit reporting agencies concerning such disputes,
14  has willfully continued to report such inaccurate information to various credit
15  reporting agencies, and has failed to mark the above accounts as disputed.

16      19.    Despite Plaintiff's exhaustive efforts to date, Defendant Equifax and
17  Defendant Infiniti have nonetheless deliberately, willfully, intentionally, recklessly
18  and negligently repeatedly failed to perform reasonable investigations and/or
19  reinvestigations of the above disputes as required by the FCRA, have failed to
20  remove the inaccurate information, have failed to report on the results of their
21  investigations and/or reinvestigations to all credit reporting agencies, have failed to
22  note the disputed status of the inaccurate information and have continued to report
23  the derogatory inaccurate information about the Plaintiff.

24      20.    As a result of Defendants' conduct, Plaintiff has suffered actual
25  damages in the form of lost credit opportunities, harm to credit reputation and
26  credit score, and emotional distress, including humiliation and embarrassment.

27

28

COMPLAINT AND JURY DEMAND

21.   Defendants knew or should have known that their actions violated the FCRA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

22.   At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein

23.   At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

24.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.   At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

26.   At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

27.   At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

28.   Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681e and i.

COMPLAINT AND JURY DEMAND

1     29.   The conduct of Equifax was a direct and proximate cause, as well as a
2 substantial factor, in bringing about the serious injuries, actual damages and harm
3 to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to
4 Plaintiff for the full amount of statutory, actual and punitive damages, along with
5 the attorney's fees and the costs of litigation, as well as such further relief, as may
6 be permitted by law.

7 **COUNT II – INFINITI**

8 **VIOLATIONS OF THE FCRA**

9     30.   Plaintiff incorporates the foregoing paragraphs as though the same
10 were set forth at length herein.

11     31.   At all times pertinent hereto Infiniti was a "person" as that term
12 defined by 15 U.S.C. § 1681a(b).

13     32.   Infiniti violated sections 1681n and 1681o of the FCRA by willfully
14 and negligently failing to comply with the requirements imposed on furnishers of
15 information pursuant to 15 U.S.C. § 1681s-2(b).

16     33.   Infiniti's conduct was a direct and proximate cause, as well as a
17 substantial factor, in causing the serious injuries, damages and harm to the Plaintiff
18 that are outlined more fully above, and as a result Infiniti is liable to compensate
19 Plaintiff for the full amount of statutory, actual and punitive damages, along with
20 attorney's fees and costs, as well as such other relief, permitted by law.

21 **COUNT III- ACRANET**

22 **VIOLATIONS OF THE FCRA**

23     34.   Plaintiff incorporates the foregoing paragraphs as though the same
24 were set forth at length herein.

25     35.   At all times pertinent hereto, ACRAnet was a "person" and
26 "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b)
27 and (f).

28

6

36.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

37.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

38.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for engaging in the following conduct willfully and negligently; failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

39.     The conduct of ACRAnet was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, ACRAnet is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

40.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Statutory damages;

(b)     Actual damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o.

1              (e)    Such other and further relief as may be necessary, just and

2    proper.

3

4                                        Respectfully Submitted by:
                                         TATAR LAW FIRM, APC

5

6    Dated: August 14, 2012

7                                        Stephanie R. Tatar, Esq.

8                                        Tatar Law Firm, APC
                                         3500 West Olive Ave., Ste 300

9                                        Burbank, CA 91505

10                                       (323) 744-1446
                                         (888) 778-5695 facsimile

11                                       Stephanie@TheTatarLawFirm.com

12                                       *Attorney for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

Stephanie R. Tatar
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505
(323) 744-1146

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

KRISTINE HERMOSSILO

PLAINTIFF(S)

v.

EQUIFAX INFORMATION SERVICES LLC,
INFINITI MOTOR ACCEPTANCE CORP aka
INFINITI FINANCIAL SERVICES and ACRANET

DEFENDANT(S).

CASE NUMBER

CV12-7037 -JFM

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Stephanie R. Tatar_____, whose address is 3500 West Olive Ave., Ste 300, Burbank, CA 91505_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   AUG 1 5 2012

By: _____MARILYN DAVIS_____
         Deputy Clerk
      (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                     **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
KRISTINE HERMOSILLO

**DEFENDANTS**
EQUIFAX INFORMATION SERVICES LLC, INFINITI MOTOR
ACCEPTANCE CORP aka INFINITI FINANCIAL SERVICES and
ACRANET

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)
Stephanie R. Tatar, Tatar Law Firm,
3500 West Olive Ave., Ste 300
Burbank, CA 91505      (323) 744-1146

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff        ☒ 3 Federal Question (U.S.
                                         Government Not a Party)

☐ 2 U.S. Government Defendant       ☐ 4 Diversity (Indicate Citizenship
                                         of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original
     Proceeding
☐ 2 Removed from
     State Court
☐ 3 Remanded from
     Appellate Court
☐ 4 Reinstated or
     Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-
     District
     Litigation
☐ 7 Appeal to District
     Judge from
     Magistrate Judge

**V. REQUESTED IN COMPLAINT:     JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☒ **MONEY DEMANDED IN COMPLAINT: $** ____TBD____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

        ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Ventura | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles<br>Ventura | Georgia |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date   8/14/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) . |